**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES FISHER,

              Plaintiff,

vs.                                                    Case No. 3:07-cv-128-J-32TEM

CHAD M. MURRAY,

              Defendant.

_____

## ORDER[1]

This case is before the Court on Plaintiff's Complaint (Doc. 1); Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed in forma pauperis; Motion for Warrant (Doc. 3); and Motion for Injunction (Doc. 4). Plaintiff alleges that defendant has kidnapped and forcibly drugged plaintiff's spouse. Through his filings, plaintiff seeks to have this Court issue a warrant for the arrest of defendant and to enjoin him from having any contact with plaintiff or plaintiff's spouse. The Court finds it does not have subject matter jurisdiction over the causes of action alleged, all of which appear to arise under state law (both parties are alleged to be Duval County residents so there is no possibility of invoking the Court's diversity jurisdiction). Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is therefore **denied**. As the Court has no jurisdiction, there is no likelihood that plaintiff could show a substantial likelihood of success on the merits, such as would warrant issuance of an injunction, and his Motions for Warrant (Doc. 3) and for Injunction

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(Doc. 4) are therefore **denied** as well.  Plaintiff is advised that the decision to investigate and prosecute criminal activity lies with the executive branches of government through its law enforcement agencies and prosecutors, not the Court, and plaintiff should therefore seek assistance from the appropriate agency.

Because the Court finds there is no possibility that the lack of subject matter jurisdiction could be cured by amendment to plaintiff's complaint, this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of February, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
pro se plaintiff